IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ENOS HERSHBERGER, | )<br>) |
| Petitioner, | )<br>)   Civil Action No. 2:24-00520<br>) |
| vs. | )<br>)   United States District Judge<br>)   Cathy Bissoon |
| RANDY IRWIN, *et al.*, | )<br>) |
| Respondents. | )   United States Magistrate Judge<br>)   Kezia O. L. Taylor<br>) |

## **MEMORANDUM ORDER**

This case has been referred to United States Magistrate Judge Kezia O. L. Taylor for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. §§ 636(b)(l)(A) and (B), and Local Rule of Civil Procedure 72.

On August 14, 2025, Judge Taylor issued a Report ("R&R," Doc. 32) recommending that the Court deny the Petition for Writ of Habeas Corpus filed by Enos Hershberger ("Petitioner") pursuant to 28 U.S.C. § 2254, and that the Court also deny a certificate of appealability.

Service of the R&R was made on Petitioner, and he has filed Objections (Doc. 33).[1] After a *de novo* review of the pleadings and documents in this case, together with the R&R and Petitioner's Objections thereto, it is HEREBY ORDERED that Petitioner's Objections (Doc.

---

[1] On September 23, 2025, Petitioner also supplied an "Affidavit" authored and signed by various family members in support of his Petition and Objections to the R&R. (Doc. 34). The Court does not accept filings from non-parties and, therefore, does not rely on the Affidavit herein. Even if the Court were to consider the Affidavit, its contents are duplicative of Petitioner's objections and do not provide any valid grounds on which to reject the R&R. On October 21, 2025, Petitioner submitted another filing styled as an "Addendum/Supplemental Brief." (Doc. 36). In addition to being almost two months untimely, nothing in this supplemental filing alters the conclusions contained in the Report and adopted by this Court.

1

33) are OVERRULED,[2] and Judge Taylor's R&R is ADOPTED as the opinion of the district court.

IT IS FURTHER ORDERED that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is DENIED.

A certificate of appealability is DENIED, because jurists of reason would not disagree with the analysis of the Report.

IT IS SO ORDERED.


October 23, 2025                                    s/Cathy Bissoon
                                                    Cathy Bissoon
                                                    United States District Judge

cc (via ECF):

All counsel of record


(via U.S. Mail):

Enos Hershberger
QN-7851
SCI-Forest
PO Box 945
286 Woodland Drive
Marienville, PA 16239

---

[2] Petitioner's repeated contention that the Court must accept his objections to the R&R as valid because Respondents declined to respond to them is without merit. See Docs. 35, 36. Federal Rule of Civil Procedure 72(b)(2), which allows parties to respond to another party's objections to an R&R, is permissive, not mandatory. See Fed. R. Civ. P. 72(b)(2) ("A party *may* respond to another party's objections within 14 days after being served with a copy. (emphasis added)). Thus, Respondents' failure to respond to Petitioner's objections constitutes neither a waiver nor a concession. See Scrip v. Seneca, 651 F. App'x 107, 112 n.7 (3d Cir. 2016); Frazier v. Woods, No. 20-1325, 2020 WL 9263004, at *3 (6th Cir. Nov. 10, 2020); Smith v. Comm'r of Soc. Sec., No. 3:09-CV-422, 2013 WL 684910, at *2 (S.D. Ohio Feb. 25, 2013). As set forth above, the Court has considered and overruled Petitioner's Objections on their merits in conjunction with its *de novo* review of the matters at issue.